**UNITED STATES of America**

v.

**Randall AUSTIN, Appellant.**

No. 06–2355.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) May 6, 2008.

Filed: May 28, 2008.

Michelle T. Rotella, Office of United States Attorney, Philadelphia, PA, for Appellee.

David L. McColgin, Defender Association of Philadelphia, Federal Court Division, Philadelphia, PA, for Appellant.

Before: SCIRICA, Chief Judge, BARRY and HARDIMAN, Circuit Judges.

OPINION

BARRY, Circuit Judge.

Appellant Randall Austin appeals the District Court's imposition of a 240–month term of imprisonment following his conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The District Court imposed the sentence after finding that the government had proven by a preponderance of the evidence that the criteria for application of the Armed Career Criminal ("ACC") enhancement of 18 U.S.C. § 924(e) to Austin had been satisfied. Had the District Court not applied the ACC enhancement, Austin would have faced a statutory maximum sentence of 120 months in prison.

Austin raises a single issue on appeal, namely whether the government's failure to charge all of the ACC predicate offenses in the indictment and to prove them to a jury beyond a reasonable doubt violated his Fifth and Sixth Amendment rights. This argument is clearly foreclosed by the Supreme Court's decision in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See United States v. Vargas*, 477 F.3d 94, 105 (3d Cir.2007) (declaring that *Almendarez–*

*Torres* "continues to bind our decisions"); *United States v. Coleman,* 451 F.3d 154, 161 (3d Cir.2006) (stating that *"Almendarez–Torres* remains good law"); *United States v. Ordaz,* 398 F.3d 236, 241 (3d Cir.2005) (noting that "[t]he holding in *Al-* *mendarez–Torres* remains binding law"). We will affirm.